UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIAREN ZHU,<br><br>            Plaintiff,<br><br>    v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>            Defendants. | Case No. 24-cv-03128-RS<br><br>**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

Plaintiff Jiaren Zhu, appearing *pro se*,[1] seeks an *ex parte* temporary restraining order and a temporary injunction enjoining the manufacture, importation, distribution, offering for sale, and sale of products—magnetic key holders—that he contends infringe his design patent, U.S. Patent No. D813317S. He also prays for a "temporary asset restraint" and expedited discovery. Zhu requests the order be entered against "the partnerships and unincorporated associations identified on Schedule 'A,'" attached to the complaint, which is also how the caption of the complaint identifies defendants.

The body of the complaint, however, makes clear that the 50 names listed on "Schedule

---

[1] The caption of the motion bears the name and state bar number of an attorney, with a San Jose, CA address, identified as "Attorneys for Defendants [*sic*] Jiaren Zhu." The caption of all of the supporting papers, however, show Zhu as a *pro se* litigant at that same San Jose address. The attorney listed in the motion caption also submits a supporting declaration stating she resides in "the City of Denver, in the State of California [*sic*]" and that she is serving as a "consultant."

'A'" are *not* the individuals and/or entities who are allegedly selling infringing key holders. Rather, those names are "aliases" used to operate e-commerce stores through the Amazon website. Zhu's allegation is that defendants, whose true identities he does not know, are individuals and business entities that own and operate one or more of the e-commerce stores offering key holders using his patented design. Indeed, the implication is that only a relatively small number of individuals or entities are engaged in the alleged infringement—and it is those persons and/or entities that are the defendants—*i.e.*, there are not 50 defendants as listed on Schedule A.

Zhu is, of course, entitled to bring suit prior to ascertaining the true identities of the persons he intends to name as defendants. He may file an application to serve early discovery directed at uncovering defendants' identities if he believes there is a practical way to do so. Any such application should specify what information would be sought, and the persons on which any subpoenas would be served.

Zhu has not shown, however, that he is entitled to a temporary restraining order or preliminary injunction at this juncture, and his application is denied without prejudice to renewal, when and if he is able to ascertain defendants' identities and serve them with summons and complaint, and give notice of his request for preliminary relief. Rule 65(b)(1) of the Federal Rules of Civil Procedure provides that a temporary restraining order may issue without notice only where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."[2]

Here, the only assertion of immediate harm to support *ex parte* relief is Zhu's contention that "unless Defendants' assets are frozen, Defendants will likely hide or move their ill-gotten funds to offshore bank accounts." As an initial matter, a federal court generally lacks jurisdiction to issue an "asset freeze" simply to ensure that any judgment a plaintiff may ultimately obtain will

---

[2] A preliminary injunction, which Zhu also seeks, cannot issue without notice. Fed. R. Civ. P. 65(a). Until Zhu identifies defendants, notice is not possible, so no hearing on a preliminary injunction will be set.

be collectible. *See Grupo Mexicano de Desarollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319–320, 119 S.Ct. 1961 (1999) (holding that in an action for money damages, a district court has no power to issue a preliminary injunction preventing a defendant from transferring assets in which no lien or equitable interest is claimed.) Nevertheless, assuming Zhu might be able to claim an equitable interest in the specific funds that constitute proceeds from the sales of infringing products, the conclusory assertion that defendants will "hide or move" those funds offshore if given notice is insufficient. Zhu has not offered any facts to suggest that sales proceeds even pass through or are held in accounts within the territorial jurisdiction of this court, or if they are, that giving notice of a temporary restraining order application would result in the funds being moved before an order could issue.

More fundamentally, Zhu has not established *ex parte* relief is warranted because he has not shown how defendants can meaningfully be restrained by any order, where their identities are unknown, and where it cannot even be determined how many of them there are. *See* Fed. R. Civ. P. 65 (d)(2) (order binds only those who receive actual notice of it by personal service or otherwise). Accordingly, the motion is denied.

**IT IS SO ORDERED**.

Dated: June 4, 2024

_____
RICHARD SEEBORG
Chief United States District Judge