UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JIAREN ZHU,

        Plaintiff,

    v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

        Defendants.

Case No. 24-cv-03128-RS

**ORDER DENYING RENEWED APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

Plaintiff Jiaren Zhu's prior *ex parte* application for a temporary restraining order was denied, without prejudice, for failure to show issuance of such an order without notice to defendants was warranted. Zhu now renews the application, alleging that while the true business names of some of the intended defendants have now been ascertained, "it is almost impossible for the Plaintiff to locate the businesses' locations and serve the Complaint and Summons on the businesses" and that it could take up to a year to do so. Zhu argues that preliminary relief is necessary to avoid the irreparable losses that will occur in the interim. Zhu also contends other courts have granted relief in very similar circumstances, citing to two cases in the Northern District of Illinois. *See Zongshuo Zhang v. the Partnerships and Unincorporated Associations Identified on Schedule "A"*, Case No. 1:23-cv-68 (N.D. Ill.), *Yinlong Ma v. The Entities and Individuals Identified in Annex A*, Case No. 23cv14158 (N.D. Ill.).

In *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423 (1974), the Supreme Court explained that circumstances justifying the issuance of an *ex parte* order are extremely limited:

> The stringent restrictions imposed . . . by Rule 65 on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute. *Ex parte* temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.

*Id*. at 438–39 (internal citation omitted).

That Zhu has now identified the real names of at least some of the businesses engaged in the sales of allegedly infringing products does not cure the more fundamental problem identified in the prior order that any temporary restraining order would bind only those who receive actual notice of it by personal service or otherwise. *See* Fed. R. Civ. P. 65 (d)(2). The renewed application asserts it remains impossible to locate those businesses, or even to identify reliably their actual names in Chinese, given that the "business names Plaintiff found are written in English; there are thousands of Chinese businesses that potentially match such English translations." Additionally, because a temporary restraining order may only remain in effect for 14 days (subject to limited extensions), pending a hearing on a preliminary injunction, and because notice *must* be given before a preliminary injunction may issue, no valid purpose for issuance of an *ex parte* temporary restraining order appears at this juncture.[1]

In the Northern District of Illinois cases to which Zhu points, it does appear the courts may have issued *ex parte* temporary restraining orders. Because the applications and orders were sealed, it is unclear what more robust showing those plaintiffs might have made as to why it was

---

[1] There are dicta in a few cases suggesting *ex parte* relief might be available in some circumstances where "the identity of the adverse party is unknown," *See, e.g., Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). Those cases do not explain how such an order would be enforceable until and unless the adverse party were given notice of it or what purpose it would serve, especially given the time limitations on how long a temporary restraining order may remain in effect.

appropriate to enter those orders. Notably, however, defendants in those cases entered appearances within a relatively short time, and were heard at the preliminary injunction stage. Without a viable proposed method for giving notice to defendants here, the renewed application must be denied.

**IT IS SO ORDERED**

Dated: June 10, 2024

_____
RICHARD SEEBORG
Chief United States District Judge